# In Re Honorio TORRES-GARCIA, Respondent

File A93 421 569 - Dallas

*Decided January 26, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who reenters the United States without admission after having previously been removed is inadmissible under section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II) (2000), even if the alien obtained the Attorney General's permission to reapply for admission prior to reentering unlawfully.

(2) An alien is statutorily ineligible for a waiver of inadmissibility under the first sentence of section 212(a)(9)(C)(ii) of the Act unless more than 10 years have elapsed since the date of the alien's last departure from the United States.

FOR RESPONDENT: Joshua Turin, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Andrea W. Rentie, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Vice Chairman; FILPPU and PAULEY, Board Members.

PAULEY, Board Member:

The respondent appeals from an Immigration Judge's January 21, 2004, decision finding him inadmissible to the United States under section 212(a)(9)(C)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(C)(i)(II) (2000), and pretermitting his application for adjustment of status under section 245(i) of the Act, 8 U.S.C. § 1255(i) (2000). The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a 30-year-old native and citizen of Mexico who entered the United States without inspection in 1987. In 1997 he married a United States citizen, but in November 1998 he was removed from the United States to Mexico by the former Immigration and Naturalization Service ("INS," now

the Department of Homeland Security ("DHS")), pursuant to an in absentia order of removal issued by an Immigration Judge.[1]

In December 1998, while in Mexico, the respondent filed an application with the DHS requesting permission to reapply for admission after removal. On a Form I-212 (Application for Permission to Reapply for Admission Into the United States After Deportation or Removal), which appears to have been completed by his wife, the respondent explained that he had United States citizen family members and that he wished to pursue a visa petition that would allow him to obtain lawful permanent resident status in the United States. In February 2000, while the respondent was still in Mexico, the DHS approved his request for permission to reapply for admission. Rather than seeking admission, however, the respondent reentered the United States without being admitted or paroled in May 2000.

In early 2001 the respondent's wife filed a visa petition on his behalf with the DHS. After this visa petition was approved in March 2002, the respondent filed an application for adjustment of status pursuant to section 245(i) of the Act, and he and his wife attended an adjustment of status interview with a DHS officer in March 2003. When the DHS officer conducting the interview discovered that the respondent had previously been removed and had reentered the United States without being admitted or paroled, he denied the respondent's application for adjustment of status, took the respondent into custody, and served him a copy of a Notice to Appear (Form I-862), which charged him with being removable as an alien present in the United States without having been admitted or paroled. *See* section 212(a)(6)(A)(i) of the Act. In May 2003 the Notice to Appear was filed in the Immigration Court in Dallas, Texas, initiating these removal proceedings.

During proceedings before the Immigration Judge, the respondent conceded that he was removable as charged and sought to renew his application for adjustment of status. The Immigration Judge pretermitted the application, however, concluding that the respondent was ineligible for adjustment of status because his unlawful reentry in May 2000 had rendered him inadmissible to the United States under section 212(a)(9)(C)(i)(II) of the Act. The Immigration Judge further concluded that the respondent was not eligible for any waiver of that ground of inadmissibility and that his prior request for

---

[1] On March 1, 2003, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security pursuant to Title IV of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2177 ("HSA"). *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003). To avoid possible confusion, the former INS will be referred to in this decision as the DHS.

permission to reapply for admission after removal, which had been approved by the DHS in February 2000, was also not effective to waive his inadmissibility. The respondent appealed the Immigration Judge's decision.

## II. ISSUE

This appeal presents the question whether the respondent, who reentered the United States without admission after having previously been removed, is inadmissible under section 212(a)(9)(C)(i)(II) of the Act where, prior to reentering unlawfully, he had obtained the Attorney General's permission to reapply for admission after removal.

## III. RELEVANT STATUTORY PROVISION

Among other things, this appeal requires us to explain the circumstances under which an alien may become inadmissible to the United States under section 212(a)(9)(C) of the Act.[2] That section renders ineligible for admission to the United States, with certain exceptions, any alien who enters or attempts to enter the United States after specified previous immigration violations. Section 212(a)(9)(C) provides, in pertinent part, as follows:

> (i) In general
>
>   Any alien who—
>     (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or
>     *(II) has been ordered removed under section 235(b)(1), section 240, or any other provision of law*,
>
>   and who enters or attempts to reenter the United States without being admitted is inadmissible.

---

[2] Section 212(a)(9) of the Act was created by section 301(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-576 ("IIRIRA"). It includes three subsections: subsection (C), which is directly at issue in this case; subsection (A), discussed later at greater length, which provides for the inadmissibility of any alien who has been removed, tying the inadmissibility period to the alien's status at the time of removal; and subsection (B), which provides for the temporary inadmissibility of aliens who seek admission after having departed the United States subsequent to a prior period of unlawful presence, and which is not at issue in this case.

(ii) Exception

   Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Attorney General has consented to the alien's reapplying for admission.

(Emphasis added.)

## IV.  DISCUSSION

The respondent wants to adjust his status under section 245(i) of the Act from that of an alien present in the United States without having been admitted or paroled to that of an alien lawfully admitted for permanent residence.  Section 245(i)(1) of the Act provides that "an alien physically present in the United States . . . who . . . entered the United States without inspection" and who is the beneficiary of an immigrant visa petition filed on or before April 30, 2001, may apply to the Attorney General for adjustment of status upon payment of $1,000.[3]  Upon receiving the alien's application and the required sum, the Attorney General is authorized to adjust the alien's status to that of a lawful permanent resident if, among other things, "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence."  Section 245(i)(2)(A) of the Act.

The approval notice issued by the DHS with respect to the respondent's visa petition reflects that the respondent's "priority date" was April 20, 2001, indicating that the visa petition was "filed" prior to the April 30, 2001, deadline set forth at section 245(i)(1)(B)(i) of the Act.  *See* 8 C.F.R. § 1245.1(g)(2) (2005) (providing that the priority date of an applicant seeking the allotment of an immigrant visa number on the basis of an approved visa petition is fixed by the date on which the visa petition was filed).

The Immigration Judge determined that the respondent was not "admissible to the United States for permanent residence," within the meaning of section 245(i)(2)(A) of the Act, because he had unlawfully reentered the United States after having previously been removed, an act that ostensibly rendered him inadmissible under section 212(a)(9)(C)(i)(II) as an alien who "has been ordered removed under . . . section 240 . . . and who enters . . . the United States without being admitted."

---

[3]  Pursuant to the Homeland Security Act, the reference to the Attorney General in section 245(i) of the Act is now deemed to refer to the Secretary of Homeland Security as well.  *See* HSA, § 1517, 116 Stat. at 2311 (codified at 6 U.S.C. § 557 (Supp. II 2002)).

We emphasize at the outset that the respondent does not dispute on appeal that inadmissibility under section 212(a)(9)(C)(i)(II) would have the effect of making him ineligible for adjustment of status under section 245(i). *See Mortera-Cruz v. Gonzales*, 409 F.3d 246, 255-56 (5th Cir. 2005) (extending administrative deference to a Board decision concluding that section 245(i) adjustment was unavailable to aliens inadmissible under section 212(a)(9)(C)(i)), *cert. denied*, 126 S.Ct. 733 (2005).[4] Instead, he argues more narrowly that he is not, in fact, inadmissible under section 212(a)(9)(C)(i)(II) of the Act because, by the time of his unlawful reentry in May 2000, the DHS had already approved his earlier request for permission to reapply for admission after removal. In essence, he maintains that the DHS's approval of his request for permission to reapply for admission had the effect of insulating him against any allegation of inadmissibility that might subsequently arise in connection with his unlawful reentry. In support of this argument the respondent relies on the rationale of *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), *motion to reconsider denied*, 403 F.3d 1116 (9th Cir. 2005), in which the United States Court of Appeals for the Ninth Circuit held that an alien who was inadmissible under section 212(a)(9)(C)(i) of the Act could

---

[4] In other cases, aliens have argued that inadmissibility under section 212(a)(9)(C) is no impediment to adjustment of status under section 245(i), which by its terms makes relief available to aliens who "entered the United States without inspection." The official position of the DHS is that section 245(i) adjustment is available to aliens who are inadmissible under section 212(a)(6)(A)(i) of the Act on account of their presence in the United States without having been admitted or paroled, but it is unavailable to recidivist immigration violators described by section 212(a)(9)(C). *See* Memorandum from Louis D. Crocetti, Jr., Associate Commissioner, Office of Examinations, to INS officials (May 1, 1997), *reprinted in* 2 Bender's Immigr. Bull. 450, 452 (June 1, 1997). Yet the issue has led to some disagreement among the United States Courts of Appeals. *Compare Mortera-Cruz v. Gonzales*, *supra* (affirming a Board decision that espoused the DHS position in a case involving an alien inadmissible under section 212(a)(9)(C)(i)(I)), *and Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1166-67 (10th Cir. 2004) (holding that an alien inadmissible under section 212(a)(9)(C)(i)(II) for having illegally reentered the United States after being removed was ineligible for any waiver of inadmissibility and could not adjust status under section 245(i)), *with Padilla-Caldera v. Gonzales*, 426 F.3d 1294, 1300-01 (10th Cir. 2005) (holding that an alien inadmissible under section 212(a)(9)(C)(i)(I) for having illegally reentered the United States after a prior period of unlawful presence was not barred from applying for adjustment of status under section 245(i), but distinguishing *Berrum-Garcia v. Comfort, supra*, as addressing a different issue, i.e., whether an alien inadmissible under section 212(a)(9)(C)(i)(II) for having illegally reentered *after execution of a prior order of removal* can adjust status under section 245(i)). While we note the issue and acknowledge its potential importance, it has not been raised or briefed by the parties in connection with the present appeal, and we therefore have no occasion to address it.

apply for adjustment of status under section 245(i) in conjunction with a request that the Attorney General retroactively consent to his reapplying for admission. For the following reasons, we reject the respondent's arguments.

### A. Inadmissibility Under Section 212(a)(9)(C) of the Act

The respondent was removed from the United States to Mexico in November 1998 pursuant to an in absentia order of removal issued by an Immigration Judge, and we have received no indication that the respondent has requested, much less secured, rescission of that order.[5] In May 2000 the respondent reentered the United States without being admitted or paroled. Because the respondent reentered the United States without admission after having previously been removed, he is inadmissible pursuant to the plain language of section 212(a)(9)(C)(i)(II) of the Act.

### B. Effect of the Grant of Permission To Reapply for Admission on Inadmissibility Under Section 212(a)(9)(C)

The respondent argues that because the DHS had granted him permission to reapply for admission after removal in February 2000, his subsequent unlawful reentry in May 2000 did not render him inadmissible under section 212(a)(9)(C)(i)(II) of the Act. The respondent's assertion in this regard is erroneous and appears to be grounded on a misconception regarding the effect of a grant of permission to reapply for admission.

Once the respondent was removed in November 1998, he became inadmissible to the United States under section 212(a)(9)(A)(ii) of the Act, which provides in pertinent part:

> Any alien . . . who—
>  (I) has been ordered removed under section 240 or any other provision of law . . .
>
> and who seeks admission within 10 years of the date of such alien's departure or removal (or within 20 years of such date in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

---

[5] In any event, applicable regulations provide that "[a] motion to reopen . . . shall not be made [in Immigration Court] by or on behalf of a person who is the subject of removal . . . proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1) (2005); *cf. Navarro-Miranda v. Ashcroft*, 330 F.3d 672 (5th Cir. 2003).

After the relevant inadmissibility period has elapsed, an alien's prior removal no longer stands as a bar to reapplication for admission. Moreover, the Attorney General may permit a previously removed alien to reapply for admission at any point during the relevant inadmissibility period if that request for permission is made prior to the alien's attempt to return to the United States. Section 212(a)(9)(A)(iii) of the Act.[6] It was *this* type of permission that the respondent received when the DHS consented to his reapplying for admission in February 2000.

Contrary to the respondent's apparent understanding, the fact that he was given permission to reapply for admission as of February 2000 did not mean that he was authorized to be admitted in fact, and it certainly did not authorize him to reenter *without admission*. To be admitted to the United States, an alien must possess a valid visa, reentry permit, border crossing identification card, or other valid entry document. *See* section 212(a)(7)(A) of the Act. An approved request for permission to reapply for admission is not a visa or entry document; it is merely evidence of the Government's judgment that section 212(a)(9)(A)(ii) of the Act need no longer be an obstacle to the alien's acquisition of such a document. Thus, after the respondent received the Attorney General's permission to reapply for admission, he was obliged to follow lawful procedures governing the acquisition of an immigrant visa, presumably through his wife. Upon issuance of such a visa, the respondent would have been admissible as an immigrant and, upon admission, would thereafter have been a lawful permanent resident of the United States. Rather than obtaining such a visa and seeking lawful admission, however, the respondent surreptitiously crossed the border in May 2000, making him inadmissible under section 212(a)(9)(C)(i)(II) of the Act.[7]

---

[6] Section 212(a)(9)(A)(iii) provides that the bars in sections 212(a)(9)(A)(i) and (ii) to seeking readmission for specified periods of time after departure or removal "shall not apply to an alien seeking admission within [such] a period if, prior to the date of the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory, the Attorney General has consented to the alien's reapplying for admission." Pursuant to the HSA, the Attorney General's statutory authority to grant a request for permission to reapply for admission is now vested in the DHS.

[7] The respondent maintains that his unlawful reentry in May 2000 was justified because his wife was seriously ill and both she and their children needed his help. We sympathize with his predicament, but there is nothing in the language of section 212(a)(9)(C)(i) of the Act that would except the respondent from inadmissibility based on the nature of his motives for unlawfully reentering the United States. Furthermore, given his family circumstances and the fact that he had been granted permission to reapply for admission, it is possible that the respondent could have been lawfully admitted into the United States temporarily as a

Section 212(a)(9)(C)(i) differs significantly from section 212(a)(9)(A)(ii) in that it incorporates no temporal limitations on inadmissibility; an individual who has reentered or attempted to reenter the United States after removal or prior unlawful presence is *permanently* inadmissible. Also, while an alien inadmissible under section 212(a)(9)(A) may request permission to reapply for admission at any time during the relevant inadmissibility period, an alien inadmissible under section 212(a)(9)(C)(i) may only request permission to reapply for admission if the alien is "seeking admission more than 10 years after the date of the alien's last departure from the United States." Section 212(a)(9)(C)(ii) of the Act. A request for a waiver of the section 212(a)(9)(C)(i)(II) ground of inadmissibility that is made less than 10 years after the alien's last departure from the United States simply cannot be granted. Because the respondent's request for permission to reapply for admission was made less than 10 years after he departed the United States in November 1998, it could have no effect on his inadmissibility under section 212(a)(9)(C)(i)(II).

### C. Permission To Reapply for Admission Under 8 C.F.R. § 212.2

In *Perez-Gonzalez v. Ashcroft*, *supra*, at 793, the Ninth Circuit concluded that the DHS regulation set forth at 8 C.F.R. § 212.2 (2004) permitted an alien who was present in the United States but inadmissible under section 212(a)(9)(C)(i) of the Act to seek *retroactive* permission to reapply for admission in conjunction with an application for adjustment of status under section 245(i). According to the respondent, if the alien in *Perez-Gonzalez* could qualify for section 245(i) adjustment on the basis of a retroactive waiver of the section 212(a)(9)(C)(i) ground of inadmissibility, it must surely follow that he–who received a waiver prospectively–would likewise be eligible to adjust. With all due respect, we believe the Ninth Circuit's analysis regarding the availability of a retroactive waiver of the ground of inadmissibility set forth at section 212(a)(9)(C)(i) contradicts the language and purpose of the Act and appears to have proceeded from an understandable, but ultimately incorrect, assumption regarding the applicability of 8 C.F.R. § 212.2.

The sole DHS regulation addressing consent to reapply for admission after removal is 8 C.F.R. § 212.2. Among other things, the regulation sets forth the general rule that a previously removed alien is inadmissible for either 5 or 20 years (depending on whether the alien was convicted of an aggravated felony)

---

nonimmigrant pursuant to section 212(d)(3)(B) of the Act or granted parole under section 212(d)(5) of the Act. *See also* 8 C.F.R. §§ 212.4(b), 212.5 (2000). There is no indication in the record that he sought such lawful admission or parole.

and specifies that an alien seeking admission prior to the completion of the requisite 5- or 20-year absence must first obtain permission to reapply for admission. 8 C.F.R. § 212.2(a). The regulation also provides that an alien who is present in the United States may seek permission to reapply for admission retroactively, in conjunction with an application for adjustment of status. 8 C.F.R. §§ 212.2(e), (i)(2).

As the language, structure, and regulatory history of 8 C.F.R. § 212.2 make clear, the regulation was not promulgated to implement current section 212(a)(9) of the Act. Instead, it was published in response to significant legislative changes brought about by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 ("IMMACT"). *See* Consent to Reapply for Admission After Deportation, Removal or Departure at Government Expense, 56 Fed. Reg. 23,212 (May 21, 1991). Specifically, section 601(a) of the IMMACT, 104 Stat. at 5067, 5073, had repealed former section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1988), which had been in effect since 1952, and replaced it in substantially modified form with new sections 212(a)(6)(A) and (B), 8 U.S.C. §§ 1182(a)(6)(A) and (B) (Supp. II 1990). During its relatively brief existence, former section 212(a)(6)(B) of the Act provided, in pertinent part, as follows:

> Any alien who—
>  (i) has been arrested and deported . . .
>
> and who seeks admission within 5 years of the date of such deportation or removal (or within 20 years in the case of an alien convicted of an aggravated felony) is excludable, unless before the date of the alien's embarkation or reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory the Attorney General has consented to the alien's applying or reapplying for admission.

The regulation at 8 C.F.R. § 212.2(a), with its references to temporary 5- and 20-year periods of inadmissibility for previously removed aliens, bears an obvious relationship to former section 212(a)(6)(B) of the Act, but it does not correspond to any provision of current section 212(a)(9). Specifically, while former section 212(a)(6)(B) imposed a general 5-year excludability period on deported aliens, with a 20-year period for aliens convicted of an aggravated felony, current section 212(a)(9)(A)(ii)(II) imposes a general 10-year inadmissibility period and renders aliens convicted of aggravated felonies inadmissible permanently. This significant statutory change is nowhere reflected in the language of 8 C.F.R. § 212.2.

Furthermore, while 8 C.F.R. §§ 212.2(e) and (i)(2) authorize aliens who are unlawfully present in the United States to seek permission to reapply for admission retroactively in conjunction with an application for adjustment of status, the very concept of *retroactive* permission to reapply for admission,

i.e., permission requested after unlawful reentry, contradicts the clear language of section 212(a)(9)(C), which in its own right makes unlawful reentry after removal a ground of inadmissibility that can only be waived after the passage of at least 10 years. *See Berrum-Garcia v. Comfort, supra*, at 1167 (holding that aliens subject to section 212(a)(9)(C) are ineligible for a waiver under 8 C.F.R. § 212.2 because, "as a result of having illegally reentered after previously being formally removed, [they] are by default inadmissible for life [and their] disability may be waived only after the alien has been outside the United States for ten years").[8]  Thus, we conclude that 8 C.F.R. § 212.2, which implements statutory provisions that were repealed by the IIRIRA, cannot reasonably be construed as implementing the provision for consent to reapply for admission at section 212(a)(9)(C)(ii).

Even were we to assume that 8 C.F.R. § 212.2 did govern implementation of section 212(a)(9)(C)(ii), however, we could not interpret that regulation in a manner that is inconsistent with the plain language of the Act. Section 212(a)(9)(C)(ii), which is written in unambiguous language, clearly specifies the conditions under which waivers of inadmissibility may be granted.  It extends no discretion to the Attorney General or the Secretary of Homeland Security to augment those conditions or to create other less restrictive waivers by regulation.   As noted previously, a section 212(a)(9)(C)(ii) waiver is not available to all aliens inadmissible under section 212(a)(9)(C)(i); rather, it is available only to that subset of inadmissible aliens who are "seeking admission more than 10 years after the date of the alien's last departure from the United States."  Congress has given the Attorney General no authority to grant an alien a waiver of the section 212(a)(9)(C)(i) ground of inadmissibility, either retroactively or prospectively, prior to the end of this 10-year period.  *Perez-Gonzalez v. Ashcroft*, 403 F.3d at 1117-20 (9th Cir. 2005) (Gould, J., dissenting).

---

[8]   As previously noted, section 212(a)(9) of the Act was created as part of the comprehensive reorganization of the immigration laws effectuated by the IIRIRA in 1996. Although 8 C.F.R. § 212.2 has been amended twice since 1996, both of these changes were purely technical. *See* Adjustment of Status for Certain Nationals of Nicaragua and Cuba, 65 Fed. Reg. 15,846, 15,854 (Mar. 24, 2000); Adjustment of Status for Certain Nationals of Haiti, 64 Fed. Reg. 25,756, 25,766 (May 12, 1999).  In light of the fact that the DHS has never amended 8 C.F.R. § 212.2 to implement any provision of the IIRIRA, it is understandable that the *Perez-Gonzalez* court might assume, albeit incorrectly, that the regulation remained effective as to aliens in removal proceedings. *But see Lattab v. Ashcroft*, 384 F.3d 8, 17 (1st Cir. 2004) (remarking that "we find it difficult to accept the [*Perez-Gonzalez* court's] heavy reliance on regulations that antedate IIRIRA" in interpreting the scope of a statutory provision that was created by the IIRIRA).

In *Perez-Gonzalez*, the Ninth Circuit concluded that an alien who was inadmissible under section 212(a)(9)(C)(i) of the Act could apply for a waiver under 8 C.F.R. § 212.2 even though the alien's last departure from the United States occurred in 1999, considerably less than 10 years prior to the date of his request for consent to reapply for admission.  In coming to this conclusion, the court determined that the statutory 10-year limitation "would not cover the class of aliens under 8 C.F.R. § 212.2, who have been previously removed and are currently in this country *prior* to seeking permission to reapply." *Perez-Gonzalez v. Ashcroft,* 379 F.3d at 794 n.10.  We respectfully disagree.

As discussed above, 8 C.F.R. § 212.2 does not purport to implement section 212(a)(9)(C)(ii) of the Act.  Even if the regulation were applicable, however, we could not interpret it in a manner that would allow an alien to circumvent the statutory 10-year limitation on section 212(a)(9)(C)(ii) waivers by simply reentering unlawfully before requesting the waiver.  After all, it is the alien's unlawful reentry without admission that makes section 212(a)(9)(C)(i) applicable in the first place. In effect, *Perez-Gonzalez* allows an alien to obtain a section 212(a)(9)(C)(ii) waiver nunc pro tunc even though such a waiver would have been unavailable to him had he sought it prospectively, thereby placing him in a better position by asking forgiveness than he would have been in had he asked permission.  Such an interpretation contradicts the clear language of section 212(a)(9)(C)(ii) and the legislative policy underlying section 212(a)(9)(C) generally.  We find that the more reasonable interpretation of the statutory framework discussed above is that an alien may not obtain a waiver of the section 212(a)(9)(C)(i) ground of inadmissibility, retroactively or prospectively, without regard to the 10-year limitation set forth at section 212(a)(9)(C)(ii).

## V.  CONCLUSION

The respondent reentered the United States without admission after having previously been removed.  Accordingly, he is inadmissible to the United States under section 212(a)(9)(C)(i)(II) of the Act.  Furthermore, because the respondent's last departure from the United States occurred in November 1998, less than 10 years ago, he is not eligible for a waiver of inadmissibility under section 212(a)(9)(C)(ii) of the Act. Moreover, although the respondent obtained permission to reapply for admission after removal in February 2000, such permission merely authorized him to seek admission without regard to the otherwise-applicable ground of inadmissibility set forth at section 212(a)(9)(A)(ii) of the Act.  It did not authorize him to be admitted in fact or to enter without admission, and it does not insulate him from inadmissibility under section 212(a)(9)(C)(i). Because we agree with the Immigration Judge that the respondent is inadmissible to the United States under section

212(a)(9)(C)(i) of the Act and is ineligible for a section 212(a)(9)(C)(ii) waiver, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the DHS. *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2000); 8 C.F.R. §§ 1240.26(c), (f) (2005). In the event the respondent fails to so depart, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. § 1229c, 1255, 1258, and 1259 (2000). *See* section 240B(d) of the Act.