**Antonia Chavez MERAZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Jan. 23, 2008.

Dan R. Larsson, Larsson Immigration Group, PC, Bend, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, KLEINFELD, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Antonia Chavez Meraz appeals a United States Customs and Immigration Enforcement decision to reinstate her prior order of removal. She also claims that she is eligible for an adjustment of status.

We do not have jurisdiction to review Chavez's appeal of her April 2000 expedited order of removal.[1] Chavez is not eligible for an adjustment of status because she reentered the United States without permission after being removed.[2]

The reinstatement order did not violate Chavez's due process rights. In *Morales–Izquierdo v. Gonzales*,[3] we held that "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies." [4]

Chavez's claim that her removal order was invalid is DISMISSED for lack of jurisdiction and her petition for review of the reinstatement order is DENIED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. See, e.g., *Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir.2007) (en banc); *Avendano–Ramirez v. Ashcroft*, 365 F.3d 813, 818–19 (9th Cir.2004); *Alvarenga–Villalobos v. INS*, 271 F.3d 1169, 1170 (9th Cir.2001).

2. See *Gonzales v. Dep't. of Homeland Sec.*, 508 F.3d 1227, 1241 (9th Cir.2007); *Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir.2003); *In re Torres–Garcia*, 23 I. & N. Dec. 866, 870–73 (BIA 2006).

3. *Morales–Izquierdo*, 486 F.3d at 496.

