**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0511n.06

No. 08-4388

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 24, 2009**

LEONARD GREEN, Clerk

OLGA FIGUEREDO CARDENAS,      )
                              )
    Petitioner,               )
                              )  ON PETITION FOR REVIEW FROM A
v.                            )  DECISION OF THE BOARD OF
                              )  IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General,   )
                              )
    Respondent.               )

Before: BOGGS, Chief Judge; BATCHELDER and COOK, Circuit Judges.

COOK, Circuit Judge. Petitioner Olga Figueredo Cardenas, a native and citizen of Paraguay, appeals the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge, who found Figueredo Cardenas inadmissible and denied her application for adjustment of status to lawful permanent resident. We affirm.

I.

Figueredo Cardenas first entered the United States in 1990, but remained beyond the expiration of her visa. Once apprehended, the Immigration and Naturalization Service ("INS") placed her into deportation proceedings and she departed in 1991 under a grant of voluntary departure. But Figueredo Cardenas returned in 1994, entering the country without an inspection.

Again the INS commenced removal proceedings, and again Figueredo Cardenas accepted the privilege of voluntary departure. She returned to Paraguay in April 2001, but re-entered the United States—again without inspection—some four months later. Immigration authorities commenced the current removal proceedings in June 2005, charging Figueredo Cardenas with violating 8 U.S.C. § 1182(a)(6)(A)(i) (providing that any alien present in the United States without being admitted or paroled is removable) and 8 U.S.C. § 1182(a)(9)(C)(i)(I) (providing that any alien unlawfully present in the United States for longer than one year, and who entered without being admitted, is removable). Figueredo Cardenas conceded removability under both charges.

Figueredo Cardenas sought to avoid removal by adjusting her status to that of a lawful permanent resident, pursuant to 8 U.S.C. § 1255(i), and by seeking a waiver of inadmissibility and permission to reapply for admission after removal. The Immigration Judge, however, noted that a petitioner who is removable under § 1182(a)(9)(C)(i) remains inadmissible and ineligible for a waiver unless she remains outside the United States for more than 10 years from the date of her last departure. 8 U.S.C. § 1182(a)(9)(C)(ii); *Matter of Torres-Garcia*, 23 I. & N. Dec. 866, 873 (BIA 2006). The Immigration Judge concluded that Figueredo Cardenas could not adjust her status and declined her other applications. The BIA affirmed.

II.

We review questions of law concerning immigration proceedings de novo. *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 907 (6th Cir. 2008). Where, as here, the BIA affirms the Immigration

Judge's decision while adding its own comments, we review both decisions. *See Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007).

An alien cannot qualify for an adjustment of status under § 1255(i) if that alien is inadmissible. 8 U.S.C. § 1255(i)(2)(A); *see also Matter of Briones*, 24 I. & N. Dec. 355, 362 (BIA 2007). Figueredo Cardenas conceded inadmissibility under § 1182(a)(9)(C)(i). She can only cure that inadmissibility—and thus become eligible for a status adjustment—by seeking admission at least 10 years after the date of her last departure from the United States. 8 U.S.C. § 1182(a)(9)(C)(ii).

Inadmissibility does not always bar an alien from applying for an adjustment of status. The BIA interprets the interplay between § 1255(i) and § 1182(a)(6) to create a narrow exception to certain inadmissibility provisions. For example, an alien who entered the United States without an inspection, and is thus inadmissible under § 1182(a)(6)(A)(i), may seek a status adjustment. *Matter of Briones*, 24 I. & N. Dec. at 365. But this exception does not extend to recidivist immigration violators—like Figueredo Cardenas—who are inadmissible under § 1182(a)(9)(C)(i). *Id.* at 370–71; *Matter of Torres-Garcia*, 23 I. & N. Dec. at 873.

Figueredo Cardenas urges us to reject the BIA's interpretation of § 1182(a)(9)(C)(i)(I) and instead follow a Ninth Circuit decision, *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), which would permit her to seek a *nunc pro tunc* waiver of her illegal entry and thereby permit her to apply for an adjustment of status. But after the BIA decision in *Matter of Torres-Garcia*, the Ninth Circuit reversed course, holding in *Gonzales v. Dep't. of Homeland Sec.*, 508 F.3d 1227, 1242

(9th Cir. 2007), that "we are bound by the BIA's interpretation of the applicable statutes in *In re Torres-Garcia*, even though that interpretation differs from our prior interpretation in *Perez-Gonzalez*." And moreover, the BIA's interpretation of § 1182(a)(9)(C)(i)(I) is the law of this circuit. *Ramirez-Canales*, 517 F.3d at 910 (according *Chevron* deference to *Matter of Briones*'s holding that aliens who are inadmissible under 8 U.S.C. § 1882(a)(9)(C)(i)(I) are ineligible for an adjustment of status pursuant to 8 U.S.C. § 1225(i), and applying *Matter of Torres-Garcia*'s holding that inadmissibility under § 1182(a)(9)(C) may not be waived *nunc pro tunc*). *Ramirez-Canales* disposes of Figueredo Cardenas's claim, and she makes no effort to avoid its application beyond asking that we reconsider its outcome. Consequently, Figueredo Cardenas cannot adjust her status.

III.

We affirm the BIA's decision.