**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUADALUPE RAMIREZ,

        Plaintiff - Appellant,

  v.

JANET NAPOLITANO, Secretary of the
Department of Homeland Security;
MICHAEL AYTES, Acting Deputy
Director, United States Citizenship and
Immigration Services; ANNE CORSANO,
Director of District 20 of CIS; KEITH
BROWN, Acting Director Seattle CIS
Field Office; DIANA WOLDER, Director,
Spokane CIS Field Office,

        Defendants - Appellees.

No. 10-35132

D.C. No. 2:09-cv-00305-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted February 7, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

Guadalupe Ramirez appeals an adverse summary judgment in her challenge under the Administrative Procedure Act (APA) to the denial of her application for adjustment of status. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo a district court's grant of summary judgment. *Herrerra v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 885 (9th Cir. 2009). Even viewing the facts in the light most favorable to Ms. Ramirez, we cannot conclude that the Citizenship and Immigration Services' (CIS) denial of her application for adjustment of status was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Therefore, we affirm the district court. *See United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006).

Ms. Ramirez argues that, in adjudicating her V-visa, CIS granted her a waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A), and that CIS acted contrary to law when it found her ineligible for the purposes of adjustment of status. Even assuming that Ms. Ramirez was granted a § 1182(d)(3)(A) waiver, it admitted Ms. Ramirez "temporarily as a nonimmigrant." 8 U.S.C. § 1182(d)(3)(A). After carefully reviewing the statutory and regulatory provisions identified by Ms. Ramirez, we cannot conclude that CIS acted contrary to the law when it determined that her admission to the V-visa program did not waive all

grounds of inadmissibility with respect to adjustment of status to that of a lawful permanent resident.

CIS denied Ms. Ramirez's application for adjustment of status on the grounds that she was inadmissible under INA §§ 212(a)(9)(A)(i) and 212(a)(9)(C)(i)(II), 8 U.S.C. §§ 1182(a)(9)(A)(i) and 8 U.S.C. § 1182(a)(9)(C)(i)(II),[1] ineligible for an I-212 consent to reapply for admission on account of having applied for such consent while inside the United States, and subject to reinstatement of her prior order of removal. CIS's decision was not contrary to the law or an abuse of discretion. *See Duran-Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007) ("[A]n applicant who is inadmissible under subsection (a)(9)(C)(i)(II) [on account of having reentered without inspection after being removed] is also ineligible to adjust his status . . .

---

[1] Ms. Ramirez's claim that the agency's denial of her application for adjustment of status relied solely on INA § 212(a)(9)(A)(i), 8 U.S.C. §1182(a)(9)(A)(i), is misplaced. The denial of Ms. Ramirez's application for adjustment of status indicates that she re-entered without inspection, and, pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), was subject to having her prior order of removal reinstated. Thus, while the denial of adjustment did not explicitly cite the grounds of inadmissibility under INA § 212(a)(9)(C)(ii), 8 U.S.C. § 1182(a)(9)(C)(ii), Ms. Ramirez's illegal re-entry clearly factored into the agency decision. Further, because the denial of adjustment and the denial of the I-212 application were issued on the same day, we read both denials in conjunction with one another. The I-212 denial explicitly referenced INA § 212(a)(9)(C), 8 U.S.C. § 1182(a)(9)(C), and *Duran-Gonzales*.

from within the United States." );[2] *In re-Torres-Garcia*, 23 I. & N. Dec. 866, 871–73 (BIA 2006).

We also reject Ms. Ramirez's argument that the denial of her adjustment of status violates the APA because it is inconsistent with the ameliorative purposes of the LIFE Act. *Akhtar v. Burzynski*, 384 F.3d 1193, 1198 (9th Cir 2004) is distinguishable. There, we held that INS's interpretation of ambiguous provisions in the LIFE Act was inconsistent with the statute's overriding purpose of reuniting families, and concluded that children eligible for a V-visa did not automatically lose that eligibility upon turning 21. 384 F.3d at 1201–02. In contrast, here, the statutory provisions and our binding precedent interpreting those provisions require denial of Ms. Ramirez's application for adjustment of status.

We must also reject Ms. Ramirez's argument that because it has been more than ten years since her last departure from the United States and her prior order of removal has not yet been reinstated, CIS should follow an internal policy memorandum and approve her I-212 consent to reapply for admission. First, Ms. Ramirez's adjustment of status application was denied in August 2008, fewer than ten years after her last departure from the United States. Accordingly, she was not eligible for an I-212 under the internal policy memo at the time of the denial of her

---

[2] Ms. Ramirez argues that *Duran-Gonzales* should not apply retroactively to her. We previously rejected that argument in *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1090–91 (9th Cir. 2010).

application for an adjustment of status. Second, on May 19, 2009, in light of *Duran-Gonzales*, CIS issued a memorandum rescinding its earlier position and providing that aliens who are inadmissible under § 212(a)(9)(C)(i)(II) but who have not had their prior removal orders reinstated should be denied I-212 consent to reapply "<u>unless</u> the alien is outside the United States <u>and</u> at least 10 years have elapsed from the date of last departure."[3] Because Ms. Ramirez remains in the United States, she is not eligible for an I-212 under current CIS policy.

We **AFFIRM** the district court.

---

[3] *See* U.S. Citizenship and Immigration Services*, Adjudicating Forms I-212 for Aliens Inadmissible under Section 241(a)(5) of the Immigration and Nationality Act in Light of Gonzalez [sic] v. INS,* pages 3, 6 (May 19, 2009), *available at* http://www.uscis.gov/USCIS/Laws/Memoranda/AD2%20Memo-Adjudicating%20 Forms%20I-212_051909.pdf

*Ramirez v. Naplitano*, No. 10-35132

B. Fletcher, concurring.

Ms. Ramirez is the mother of four United States citizen children, and is married to a lawful permanent resident. She has been in the United States for over twenty years, and has a clean criminal record. Her parents and siblings all reside in the United States. She has pursued lawful residence diligently and with reasonable reliance on the continued availability of relief. Yet, her attempts to seek lawful residence will likely result in her deportation. Though I concur in the disposition, it is only because I am bound by our precedent in *Duran Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1231 (9th Cir. 2007) and *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076 (9th Cir. 2010). And yet, I cannot ignore that, as applied to this case, the law is profoundly and fundamentally unjust.

At the time Ms. Ramirez filed for adjustment of status, Ninth Circuit law permitted an alien who had reentered the United States after having been deported to file a Form I-212 simultaneously with her application for adjustment of status. *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783, 788-89 (9th Cir. 2004). In addition to permitting the alien to reapply for admission, under *Perez-Gonzalez*, a successful I-212 application would "cure[] any inadmissibility grounds premised on [the alien's] prior deportation or subsequent reentry." 379 F.3d 783. Our decision in *Duran-Gonzales*, 508 F.3d 122, explicitly overruled *Perez-Gonzalez*, a mere thirty-

one days before Ms. Ramirez was scheduled to be interviewed in connection with her adjustment of status application.  Had CIS scheduled Ms. Ramirez's interview in connection with her adjustment of status application just a few months earlier, or had *Duran-Gonzales* been issued just a few months later, Ms. Ramirez would likely now be a lawful permanent resident.  That this case turns on such accidents of timing is unfair to Ms. Ramirez and to her family.  Nevertheless, I must regretfully concur.