**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILDARDO FRUTOS-LOPEZ, | No. 10-73750 |
| Petitioner, | Agency No. A029-484-149 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2011
Portland, Oregon

Before: FISHER, PAEZ and CLIFTON, Circuit Judges.

Gildardo Frutos-Lopez applied for adjustment of status to that of an alien

admitted for lawful permanent residence under 8 U.S.C. § 1255(i). Pursuant to 8

U.S.C. § 1182(a)(9)(C)(i)(I) and (II), the Immigration Judge found Frutos

ineligible and denied his application for adjustment of status, also denying his

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

application for voluntary departure. The Board of Immigration Appeals (BIA) dismissed Frutos' appeal. We deny Frutos' petition.

(1) **Adjustment of Status.** Frutos argues that § 1255(i) should permit adjustment of status for those individuals, like himself, who are inadmissible under § 1182(a)(9)(C)(i). However, the BIA has interpreted the statutes to mean that an alien inadmissible under § 1182(a)(9)(C)(i)(I) and (II) is ineligible for adjustment of status. *See In re Briones*, 24 I. & N. Dec. 355 (BIA 2007); *In re Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006). Under *Chevron USA, Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984), we defer to the agency's permissible interpretation of the statute, and we have previously adopted the BIA's interpretation. *See Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007). Accordingly, Frutos' argument fails.

(2) **Waiver of Inadmissibility.** Frutos contends that a waiver for unlawful presence under § 1182(a)(9)(B)(v) also waives inadmissibility under § 1182(a)(9)(C). The BIA rejected Frutos' argument because § 1182(a)(9)(B)(v) specifically provides that the Attorney General has "discretion to waive clause *(i)*" (emphasis added). We have interpreted this section to refer only to "clause (i) of subparagraph (B)." *Acosta v. Gonzales*, 439 F.3d 550, 557-58 (9th Cir. 2006) (recognizing that in construing statutes, words are given their ordinary meaning),

2

*abrogated on other grounds by Garfias-Rodriguez v. Holder*, 649 F.3d 942 (9th Cir. 2011). Because the waiver is limited to aliens under § 1182(a)(9)(B)(i), it does not apply to Frutos.

**(3) Equal Protection.** Frutos argues that § 1182(a)(9)(C) violates the equal protection clause because it irrationally discriminates between two classes of aliens. An alien who accrues an aggregate period of more than one year of unlawful presence, departs the United States and then reenters unlawfully or attempts to reenter unlawfully is rendered inadmissible for 10 years. In contrast, an alien who makes any number of unlawful entries, but never accrues a total of more than one year of unlawful presence, departs the United States and then reenters unlawfully or attempts to do so does not become inadmissible under § 1182(a)(9)(C).

To establish an equal protection violation, Frutos must show that the distinction is "wholly irrational." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004) (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002)). He must disprove "every conceivable basis which might support a legislative classification, whether or not the basis has a foundation in the record." *Id.* (quoting *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1164 (9th Cir. 2002)). If the

government provides a rational reason for the rule, the equal protection claim fails. *See id*.

Here, the government argues that it is rational for Congress to have decided to punish aliens who have accrued more than one year of unlawful presence more harshly than aliens who have accrued a lesser amount of time. Frutos has failed to show that this distinction is "wholly irrational," so we must reject his equal protection argument.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] *But cf. Mortera-Cruz v. Gonzales*, 409 F.3d 246, 255-56 (5th Cir. 2005) (in addressing a different but related distinction between two classes of aliens, accepting government's argument that an alien who has accumulated multiple illegal entries is "more culpable than . . . a one-time illegal alien" and that it is therefore rational to punish him more severely).