[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14621
Non-Argument Calendar

_____

Agency No. A046-018-748

KAYLA PAUL LINDSEY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 16, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Kayla Lindsey, a native and citizen of the Bahamas, petitions for review of the Board of Immigration Appeals's decision affirming the Immigration Judge's order of removal and denial of a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h).  On appeal, she argues (1) that the government did not satisfy its burden of showing that she was removable, as her conviction under 18 U.S.C. § 371 is not an aggravated felony under INA § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M); (2) that the BIA erred in affirming the IJ's decision that she is statutorily ineligible for a § 212(h) waiver of inadmissibility; and (3) that the IJ violated her due process rights by determining that she was ineligible for a § 212(h) waiver without reviewing her brief.  After careful review, we dismiss in part and deny in part.

## I

We review only the decision of the BIA, except to the extent that the BIA has expressly adopted the IJ's opinion.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Courts lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony.  8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1227 (a)(2)(A)(iii).  We do, however, retain jurisdiction "to determine underlying facts that establish our jurisdiction or lack of it," which means here we can consider whether substantial evidence supports the government's contention that Lindsey has committed an aggravated

2

felony. *Garces v. U.S. Atty. Gen.*, 611 F.3d 1337, 1343 (11th Cir. 2010). "The upshot of all this is that the jurisdictional question merges into our consideration of the merits." *Id.* (citations omitted).

The INA defines "aggravated felony," in relevant part, as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i). Lindsey concedes that she was previously convicted of conspiracy to defraud the United States under 18 U.S.C. § 371. She contends, however, that she was not removable as a result of this conviction because it does not qualify as an "aggravated felony."

The problem for Lindsey is that the Supreme Court has clearly held that § 371 "involves fraud or deceit" for purposes of § 1101(a)(43)(M)(i). *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009). To the extent that Lindsey argues that the "loss" from her conviction did not "exceed[] $10,000," we are unpersuaded. Lindsey argues that the IJ erred in using "the specific circumstance approach . . . to find [her] deportable," but that is precisely the approach called for by *Nijhawan*. *See id.* at 32 (concluding that the language "in which the loss to the victim exceeds $10,000" refers to "the particular circumstances in which an offender committed a . . . fraud or deceit crime on a particular occasion").

Here, the IJ properly looked to Lindsey's plea agreement that shows that she paid a restitution amount of just over $186,830. She has not provided any

evidence that this restitution amount was not "tied to the specific counts covered by the conviction," *id.* at 42, by, for example, alleging that it relates to uncharged conduct.  Indeed, she even admitted in her § 212(h) waiver application that she had pleaded guilty to receiving $186,830 in grant kickbacks.  "In the absence of any conflicting evidence (and petitioner mentions none), this evidence is clear and convincing."  *Id.* at 43.  *See also id.* at 42–43 ("find[ing] nothing unfair" about the IJ's use of "earlier sentencing-related material" and the petitioner's "own stipulation . . . show[ing] that the conviction involves losses considerably greater than $10,000").

Because we conclude that the BIA did not err in concluding that Lindsey is removable as an aggravated felon, we dismiss her petition in part for lack of jurisdiction pursuant to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).

## II

Lindsey next challenges the BIA's conclusion that she was statutorily ineligible for a waiver under INA § 212(h), 8 U.S.C. § 1182(h).  The Attorney General has the discretion to waive a finding of inadmissibility for an immigrant who is "the spouse, parent, son, or daughter of a citizen of the United States . . . if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship" to the qualifying relative.  INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B).  The Attorney General, however, lacks

4

discretion to grant a § 212(h) waiver to an alien who has committed an "aggravated felony" while "lawfully admitted for permanent residence." INA § 212(h), 8 U.S.C. § 1182(h); *Balogun v. U.S. Atty. Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005). The INA limits our jurisdiction here as well; we lack jurisdiction "to review a decision of the Attorney General to grant or deny a waiver," 8 U.S.C. § 1182(h), but we do have jurisdiction "to review the legal question of whether [Lindsey] is statutorily eligible to apply for a § 212(h) waiver." *Poveda v. U.S. Atty. Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012) (citations omitted).

We have already determined that Lindsey's conviction for conspiracy to defraud the United States qualifies as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Moreover, Lindsey is the recipient of an IR-1 immigrant visa as the spouse of a United States citizen, and thus she is "lawfully admitted for permanent residence." *See Malik v. Attorney Gen. of U.S.*, 659 F.3d 253, 255 (3d Cir. 2011) (noting that the petitioner was a "legal permanent resident . . . after receiving an IR–1 immigrant visa based on his . . . marriage to . . . a United States citizen"); *Matter of Torres-Garcia*, 23 I & N Dec. 866, 872 (BIA 2006) (stating that "[u]pon [the] issuance of [a spousal] visa, the [alien] would have been admissible as an immigrant and, upon admission, would thereafter have been a lawful permanent resident of the United States").[1] The BIA thus correctly

---

[1] Although we do not afford field manuals *Chevron* deference, *see Bradley v. Sebelius*, 621 F.3d

determined that Lindsey is statutorily ineligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h).

## III

Finally, Lindsey argues that the BIA "erred in not finding implicit bias" in the IJ's decision stemming from the fact that the IJ "ruled from the bench that [Lindsey] was ineligible" for a § 212(h) waiver without reading her brief. The IJ's failure to read her brief, she contends, amounts to a denial of due process.

Lindsey has not identified a due process violation here. To do so, Lindsey "must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice," meaning that "in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix v. U.S. Atty. Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (citations omitted). Lindsey cannot show "substantial prejudice" here because, as we have already concluded, she was statutorily ineligible for a § 212(h) waiver, regardless of whether the IJ read her briefs or not. Therefore, the BIA did not err in concluding that the IJ did not violate Lindsey's due process rights.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

1330, 1338 (11th Cir. 2010), we note that the United States Citizenship and Immigration Services's "Adjudicator's Field Manual" further supports the conclusion that IR-1 visa recipients are lawful permanent residents. *See* U.S. Citizenship & Immigration Servs., Dep't of Homeland Sec., Adjudicator's Field Manual, Appx. 23-7 (June 6, 2019) (including IR-1 visa recipients among the categories of "Legal Permanent Resident Aliens").