# Matter of C. VALDEZ, Respondent

*Decided June 13, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien's pre-November 28, 2009, admission to the Commonwealth of the Northern Mariana Islands ("CNMI") by the CNMI Immigration Service does not constitute an inspection and admission or parole "into the United States" for purposes of adjustment of status pursuant to section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2006).

FOR RESPONDENT: Reynaldo O. Yano, Esquire, Saipan, Mariana Peninsula

FOR THE DEPARTMENT OF HOMELAND SECURITY: Chandu Latey, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated August 9, 2011, an Immigration Judge found the respondent removable and denied his applications for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2006), and for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2006). The respondent has appealed from that decision. This case addresses whether the respondent's pre-November 28, 2009, admission to the Commonwealth of the Northern Mariana Islands ("CNMI") by the CNMI Immigration Service constitutes an admission to the United States for purposes of adjustment of status. Because we conclude that it does not qualify as an admission to the United States, the respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Philippines. His wife, a native of the Northern Mariana Islands, is a United States citizen. On March 21, 2002, the respondent was convicted of attempted rape in the Superior Court for the Commonwealth of the Northern Mariana Islands and was sentenced

to 5 years of imprisonment. He was most recently admitted to the CNMI by the CNMI Immigration Service on October 13, 2007.

In removal proceedings, the respondent conceded removability and sought to apply for adjustment of status based on an approved visa petition filed by his wife and for a waiver of inadmissibility under section 212(h) of the Act. The Immigration Judge denied the respondent's application for adjustment of status as abandoned, alternatively finding that the respondent was ineligible for adjustment of status because he was not inspected and admitted or paroled into the United States. The Immigration Judge also denied the respondent's application for a waiver of inadmissibility, finding that he was not eligible to apply for a "stand-alone" waiver under section 212(h).

## II. RELATIONSHIP BETWEEN THE UNITED STATES AND THE CNMI

Before analyzing the precise legal issue in this case, we will briefly examine the relationship between the United States and the CNMI. The Northern Mariana Islands became a United States possession in the 1940s following the invasion of Saipan, and they were part of the Trust Territory of the Pacific Islands. *See United States v. Chang Da Liu*, 538 F.3d 1078, 1082 (9th Cir. 2008); *see also Northern Mariana Islands v. United States*, 399 F.3d 1057, 1058-59 (9th Cir. 2005) (discussing the relationship between the United States and the CNMI); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 751 (9th Cir. 1993) (same).

In 1975, the Northern Mariana Islands and the United States entered into a Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"). *See* 48 U.S.C. § 1801 (2006); *see also* Pub. L. No. 94-241, 90 Stat. 263 (Joint Resolution approving the Covenant (Mar. 24, 1976)); *United States v. Chang Da Liu*, 538 F.3d at 1082. The Covenant established a unique political relationship between the United States and what is now the CNMI; as a result, the CNMI became a self-governing commonwealth in political union with and under the sovereignty of the United States. 48 U.S.C. § 1801; *see also* section 101 of the Covenant. Under Article III of the Covenant, certain natives and residents of the Northern Mariana Islands became eligible for United States citizenship. Currently, persons born in the CNMI are United States citizens at birth and are entitled to the same privileges and immunities as all United States citizens. *See* sections 303-304 of the Covenant.

In 2008, Congress extended most provisions of the United States immigration laws to the CNMI through the Consolidated Natural Resources Act of 2008, §§ 701-705, Pub. L. No. 110-229, 122 Stat. 754, 853-67 (codified in relevant part at 48 U.S.C. §§ 1806-1808 (Supp. IV 2010)) ("CNRA").

*See* 48 U.S.C. § 1806(a)(1).  The CNRA provides for a transition period for implementation of the United States immigration laws, beginning on November 28, 2009, and ending on December 31, 2014.  *See* 48 U.S.C. § 1806(a)(2); *United States v. Yong Jun Li*, 643 F.3d 1183, 1184 (9th Cir. 2011).  Among the changes implemented by the CNRA is the inclusion of the CNMI in the definition of "United States" at section 101(a)(38) of the Act, 8 U.S.C. § 1101(a)(38) (2006 & Supp. IV 2010).  CNRA § 702(j)(3), 122 Stat. at 866.

## III.  ANALYSIS

On appeal, the respondent argues that the Immigration Judge erred in finding that he abandoned his request for adjustment of status and alternatively finding that he was ineligible for adjustment.  We need not determine whether the Immigration Judge erred in finding that the respondent abandoned his application for adjustment of status because we agree that he is not eligible for that form of relief.

An applicant for adjustment of status pursuant to section 245(a) of the Act must have been "inspected and admitted or paroled into the United States." *Matter of Hashmi*, 24 I&N Dec 785, 789 (BIA 2009) (discussing the requirements for adjustment of status pursuant to section 245(a)).  The terms "admission" and "admitted" are expressly defined by the Act to mean "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  Section 101(a)(13)(A) of the Act.  The term "immigration officer" refers to employees of the United States designated to perform the functions of an immigration officer under the Act.  Section 101(a)(18) of the Act.

As the respondent recognizes, at the time of his most recent admission, the CNMI was not included in the definition of the United States under section 101(a)(38) of the Act.  *See* CNRA § 702(j)(3), 122 Stat. at 866; *see also United States v. Yong Jun Li*, 643 F.3d at 1184 ("Prior to passage of the CNRA, the CNMI was considered to be outside the United States for immigration purposes.").  Moreover, he was admitted by the CNMI Immigration Service, not by a United States immigration officer.  Accordingly, the respondent's pre-November 28, 2009, admission to the CNMI by the CNMI Immigration Service did not amount to an admission or parole into the United States.[1]

---

[1] Our conclusion is supported by a recent United States Citizenship and Immigration Services ("USCIS") policy memorandum, which, although not binding, is persuasive.

(continued...)

We are not persuaded by the respondent's argument on appeal that the CNMI is part of the United States as a result of the 1975 Covenant. Although they are in political union, the authority of the United States over the CNMI pursuant to the Covenant is not absolute, and they remain distinct political entities. For example, Congress' legislative authority is limited by section 103 of the Covenant, which secures the right of local self-government within the CNMI. We recognize that prior to November 28, 2009, the CNMI was considered a part of the United States for immigration purposes in very limited circumstances, none of which apply to this case.[2] *See* section 506 of the Covenant. However, absent such circumstances, the CNMI was generally considered to be outside of the United States for immigration purposes until the passage of the CNRA. *See United States v. Yong Jun Li*, 643 F.3d at 1184.

Under the CNRA, "no alien who is lawfully present in the [CNMI] pursuant to the immigration laws of the [CNMI] on the transition program effective date shall be removed from the United States on the grounds that such alien's presence in the [CNMI] is in violation of section 212(a)(6)(A)" of the Act. 48 U.S.C. § 1806(e)(1)(A). The statute is clear that such an alien

---

(...continued)

*See* USCIS Policy Memorandum, PM-602-0013.1 (Aug. 9, 2011) (regarding "Adjudication of Adjustment of Status Applications from Aliens Present in the Commonwealth of the Northern Mariana Islands (CNMI) on or after November 28, 2009"). Under USCIS policy, certain individuals lawfully present under the CNMI immigration laws prior to November 28, 2009, or certain individuals with a CNMI work authorization prior to that date, seeking adjustment of status are considered applicants for admission to the United States, as described in section 235(a)(1) of the Act, 8 U.S.C. § 1225(a)(1) (2006). Under current USCIS policy, such individuals are granted parole-in-place immediately prior to the approval of their application for adjustment, provided they are otherwise eligible for parole and adjustment of status. *See* USCIS, Dep't of Homeland Security, Adjudicator's Field Manual, § 36.3(a)(4) (added Dec. 15, 2010). However, parole authority under section 212(d)(5)(A) of the Act is delegated solely to the Secretary of Homeland Security and is not within the jurisdiction of the Immigration Judges or this Board. *See* 8 C.F.R. § 212.5(a) (2012); *see also Matter of Castillo-Padilla*, 25 I&N Dec. 257, 261 (BIA 2010).

[2] Under section 506 of the Covenant, which was repealed by the CNRA, the CNMI was considered part of the United States for immigration purposes in certain cases involving (1) children born abroad to United States citizen or noncitizen national parents permanently residing in the CNMI, (2) persons who are immediate relatives of United States citizens permanently residing in the CNMI and who were certified by the Government of the CNMI to be lawful permanent residents of the CNMI, and (3) persons who became citizens or nationals of the United States under Article III of the Covenant. *See* CNRA § 702(g)(1)(B), 122 Stat. at 864 (repealing section 506 of the Covenant). Although the respondent is the immediate relative of a United States citizen, there is no evidence that he was certified by the Government of the CNMI to be a lawful permanent resident of the CNMI.

cannot be *removed* from the United States on the basis of being present without being admitted or paroled. However, contrary to the respondent's arguments on appeal, this exemption from removability is not the same as an actual admission to the United States. Rather, the inclusion of an exemption for aliens lawfully present in the CNMI suggests that Congress did not consider such aliens to have been admitted to the United States. In any event, the exemption only applied until the earlier of (1) the date of the completion of the alien's admission under the laws of the CNMI, or (2) 2 years after the November 28, 2009, transition program effective date. Thus, as of November 29, 2011, such aliens are no longer exempt from removal pursuant to section 212(a)(6)(A) of the Act based on their lawful presence in the CNMI.

## IV. CONCLUSION

In light of the foregoing, we agree with the Immigration Judge that the respondent has not been inspected and admitted or paroled into the United States and that he is therefore ineligible for adjustment of status pursuant to section 245(a) of the Act. We also agree with the Immigration Judge's determination that the respondent is not eligible to seek a "stand-alone" section 212(h) waiver without an application for adjustment of status, which the respondent has not meaningfully challenged on appeal. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.