# Matter of Jorge Alberto DUARTE-GONZALEZ, Respondent

*Decided February 14, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Noncitizens who are inadmissible for a specified period of time pursuant to section 212(a)(9)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(B)(i), due to their previous unlawful presence and departure are not required to reside outside the United States during this period in order to subsequently overcome this ground of inadmissibility.

FOR THE RESPONDENT:  Jaime M. Diez, Esquire, Brownsville, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Guillermo Rey de la Garza, Assistant Chief Counsel

BEFORE:  Board Panel:  HUNSUCKER and LIEBOWITZ, Appellate Immigration Judges; BROWN, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

The respondent, a native and citizen of Mexico, appeals from the Immigration Judge's April 3, 2019, decision denying him adjustment of status under section 245(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a).[1]  The Department of Homeland Security opposes the appeal.  The appeal will be sustained, and the record will be remanded.

The respondent was admitted to the United States in June 2000 and was authorized to remain in the United States for a temporary period not to exceed 30 days.  However, the respondent did not depart the United States until August 2001.  The respondent was subsequently admitted to the United States later in August 2001 on a nonimmigrant visa (border crossing card) with authorization to remain in the United States for a temporary period not to exceed 30 days.  Since that admission, the respondent has remained in the

---

[1]  The Immigration Judge also denied the respondent's claim for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1).  The respondent does not meaningfully challenge the Immigration Judge's denial of cancellation of removal. Accordingly, we deem the issue waived.  *See Matter of R-A-M-*, 25 I&N Dec. 657, 658 n.2 (BIA 2012) (holding that when a noncitizen fails to substantively appeal an issue addressed in the Immigration Judge's decision, that issue is deemed waived).  The Immigration Judge granted the respondent's alternative request for voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b).

United States without any further authorization to remain. The respondent conceded that he is subject to removal from the United States under section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), as charged in his notice to appear.

The Immigration Judge considered whether the respondent is eligible for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a), because his United States citizen son, who was 21 years old at that time, could file a visa petition for his benefit as an immediate relative under section 201(b)(2)(A)(i) of the INA, 8 U.S.C. § 1151(b)(2)(A)(i). The Immigration Judge concluded that the respondent is not eligible for adjustment of status because he did not remain outside the United States during the entire 10-year period of inadmissibility pursuant to section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II). The Immigration Judge stated that allowing the respondent to satisfy the 10-year period of inadmissibility while unlawfully present in the United States would undermine the purpose of section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), to deter unlawful presence. Additionally, the Immigration Judge reasoned that requiring the respondent to be outside the United States for the 10-year period is analogous to the requirement that noncitizens applying for consent to reapply for admission after deportation or removal remain outside the United States for the time period for which they are inadmissible unless the application for consent to reapply for admission is granted during that period of inadmissibility. *See* 8 C.F.R. § 1212.2(a). The Immigration Judge also found that the respondent is ineligible to apply for a waiver of inadmissibility because he does not have a qualifying relative. *See* section 212(a)(9)(B)(v) of the INA, 8 U.S.C. § 1182(a)(9)(B)(v).

The respondent argues that the Immigration Judge erred in determining he is ineligible for adjustment of status because he is inadmissible pursuant to section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II). Specifically, the respondent argues that, based on a plain reading of the statute, it is not required that a noncitizen remain outside the United States for the 10-year period of inadmissibility.

Section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), provides: "Any alien (other than an alien lawfully admitted for permanent residence) who . . . has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States, is inadmissible." The term "admission" refers to adjustment of status from within the United States as well as a lawful entry at the border. *Matter of Rodarte*, 23 I&N Dec. 905, 908 (BIA 2006). On its face, the statute does not state whether a noncitizen subject to the 10-year bar must remain outside the United States during that entire period of inadmissibility.

The Board has previously interpreted section 212(a)(9)(B) of the INA, 8 U.S.C. § 1182(a)(9)(B), as creating temporary 3- and 10-year bars (in sections 212(a)(9)(B)(i)(I) and (II), respectively) to a noncitizen's admissibility following a departure from the United States after having been unlawfully present in the United States for more than 180 days, or 1 year or more, respectively. *See generally Matter of Rodarte*, 23 I&N Dec. at 908-09. We contrasted section 212(a)(9)(B)'s periods of "temporary inadmissibility" with the "permanent inadmissibility" created in section 212(a)(9)(C)(i) for noncitizens who enter or attempt to reenter unlawfully after previous immigration violations. *Id*. at 909. However, the Board has not addressed in a precedent decision whether a noncitizen must remain outside the United States for the relevant period of inadmissibility. We conclude that the plain language of section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), does not require the respondent to remain outside the United States during the 10-year period of inadmissibility.

We have a duty to follow the plain and unambiguous language of the statute. *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("If the statute is clear and unambiguous 'that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" (citation omitted)). In interpreting statutory language, we determine if its meaning is plain by referring "to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

A plain-text reading of section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), indicates that the period of ineligibility runs from the date of departure from the United States and does not require a noncitizen to remain outside the United States for the entire 10-year period of inadmissibility. *See Neto v. Thompson*, 506 F. Supp. 3d 239, 251 (D.N.J. 2020) (observing that counting time spent in the United States toward the 10-year inadmissibility period could be considered bad policy but does not amount to an absurdity that would warrant departure from the statute's plain meaning); *see also Kanai v. U.S. Dep't of Homeland Sec.*, No. 2:20-cv-05345-CBM-(KSx), 2020 WL 6162805, at *3 (C.D. Cal. Aug. 20, 2020) (rejecting argument that 10-year inadmissibility period is tolled during presence in the United States).[2] "We cannot read ambiguity into a statute that is not there." *Matter of A. Vazquez*, 27 I&N Dec. 503, 508 (BIA 2019) (citation omitted).

---

[2]   We are not bound by these district court cases, but we find their reasoning useful for consideration in our analysis. *See generally Matter of K-S-*, 20 I&N Dec. 715, 718-20 (BIA 1993) (holding that the Board is not bound to follow the published decision of a United States district court in cases arising within the same district).

Our interpretation of section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), is buttressed by the fact that an adjacent subsection in section 212(a)(9) contains a provision specifying that a noncitizen must spend time "outside the United States" in other circumstances. Section 212(a)(9)(C)(ii) of the INA, 8 U.S.C. § 1182(a)(9)(C)(ii). "[A] negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006).

The Immigration Judge cited 8 C.F.R. § 1212.2(a), which requires a period of time "outside of the United States" for noncitizens who have been deported or removed. However, this regulation does not support a conclusion that section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), requires the same. The regulation was not promulgated to implement section 212(a)(9) of the INA and does not correspond to any provision of section 212(a)(9) of the INA. *Matter of Torres-Garcia*, 23 I&N Dec. 866, 874 (BIA 2006). Moreover, the plain language of the regulation requires that a noncitizen remain outside the United States for a time period after deportation or removal, and the respondent here was neither deported nor removed from the United States.

We conclude that noncitizens who are inadmissible for a specified period of time pursuant to section 212(a)(9)(B)(i) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i), due to their previous unlawful presence and departure are not required to reside outside the United States during this period in order to subsequently overcome this ground of inadmissibility.[3] Accordingly, as the respondent departed the United States in August 2001 and more than 10 years have elapsed since that departure, the respondent is not inadmissible under section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), and is not prohibited under this section from seeking adjustment of status.[4]

_____

[3]  The United States Citizenship and Immigration Services ("USCIS") has recently issued policy guidance stating that "a noncitizen who again seeks admission more than 3 or 10 years after the relevant departure or removal, is not inadmissible under INA 212(a)(9)(B) even if the noncitizen returned to the United States, with or without authorization, during the statutory 3-year or 10-year period." USCIS Policy Alert, PA-2022-15 (June 24, 2022) (regarding "INA 212(a)(9)(B) Policy Manual Guidance"). While we are not bound by such guidance, we reach the same conclusion as USCIS regarding this issue. *See Matter of C. Valdez*, 25 I&N Dec. 824, 826 n.1 (BIA 2012) (noting that a USCIS policy memorandum, though not binding, is persuasive).

[4]  Although the respondent was inadmissible under the plain terms of section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), when he sought admission later in August 2001 because the 10-year waiting period had not yet elapsed, the respondent is not currently inadmissible because he was nevertheless admitted then and has not since departed the United States.

The respondent has filed new, previously unavailable evidence on appeal, including documentation showing he is now the beneficiary of an approved visa petition that was filed on his behalf by his adult United States citizen son. Given this evidence, we will remand the record for the Immigration Judge to assess the respondent's eligibility for adjustment of status in the first instance. *See Matter of L-A-C-*, 26 I&N Dec. 516, 526 (BIA 2015). On remand, as appropriate, the Immigration Judge should consider whether the respondent merits adjustment of status as a matter of discretion.

In light of our disposition, we need not address the respondent's remaining argument that, even if he were inadmissible under section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1182(a)(9)(B)(i)(II), he is eligible for a waiver of inadmissibility under section 212(a)(9)(B)(v) of the INA, 8 U.S.C. § 1182(a)(9)(B)(v). *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976). On remand, the parties may update the evidentiary record. By remanding, we express no opinion regarding the ultimate outcome of this case.

Accordingly, the following orders will be entered.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.