# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60298
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2025

Lyle W. Cayce
Clerk

Israel Geronimo Puac Puac,

*Petitioner*,

*versus*

James R. McHenry, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 221 868

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Israel Geronimo Puac Puac, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen and terminate proceedings. He raises several issues in his petition, discussed *infra*.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60298

Motions to reopen are "disfavored", and their denial is reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citations omitted). This standard requires a ruling to stand unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (citations omitted).

Puac Puac contends that the holding of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021)—a defective notice to appear (NTA) does not trigger the "stop-time rule" under 8 U.S.C. § 1229b(d)(1)—should be interpreted to mean that a defective NTA also deprives a party of proper notice, such that the immigration judge (IJ) does not have jurisdiction. This contention, however, is foreclosed by our precedent. *E.g.*, *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022) (explaining precedent forecloses contention that IJ did not acquire jurisdiction on account of defective notice), *overruled on other grounds by Wilkinson v. Garland*, 601 U.S. 209, 217 & n.2 (2024); *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021) (same). Our court follows circuit precedent under the rule of orderliness. *E.g.*, *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).

As Puac Puac concedes, a challenge to an NTA's omission of the hearing date and time involves a nonjurisdictional, claim-processing rule, which can be "forfeited if the alien waits too long to raise it". *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez*, 593 U.S. at 171–72. He contends, however, that the defective NTA violated his due-process rights, as controlling precedent precluded him from objecting to the NTA during his proceedings before the IJ. This contention is unavailing, as he could have, and did, rely on *Pereira v. Sessions*, 585 U.S. 198 (2018), to object to his NTA before the IJ.

No. 24-60298

Despite Puac Puac's making such an objection before the IJ, the BIA stated that he objected to a violation of the claim-processing rule for the first time in his motion to reopen. In petitioning for our review, Puac Puac does not contest the BIA's statement. In fact, he appears to adopt it, as he states in his brief that "controlling precedent that existed at the time did not allow him to raise such objection". Accordingly, he has waived a challenge to any error in the BIA's statement regarding when he first raised the objection. *E.g.*, *Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023) (petitioners waive inadequately-briefed contentions).

In any event, given that Puac Puac no longer pursued the issue in his direct appeal to the BIA, it did not abuse its discretion in concluding that he forfeited the issue prior to his motion to reopen. *See Matter of Duarte-Gonzalez*, 28 I. & N. Dec. 688, 688 n.1 (BIA 2023) (discussing waiver of issues not meaningfully challenged on direct appeal to BIA); *see also Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019) (recognizing this court may deny the petition for review despite error by the BIA where there is no realistic possibility that the BIA would reach a different conclusion absent the error).

Puac Puac also challenges the BIA's determination that he failed to make a *prima facie* showing of eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1). An alien "must show that there is a reasonable likelihood that he is statutorily eligible for the relief he seeks". *Abubaker Abushagif v. Garland*, 15 F.4th 323, 330 (5th Cir. 2021). In doing so, Puac Puac must show, *inter alia*, that his removal would cause "exceptional and extremely unusual hardship to" a qualifying relative, including a child who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D); *see Pena-Lopez v. Garland*, 33 F.4th 798, 806 (5th Cir. 2022) (requiring a showing beyond "mere hardship").

Puac Puac, however, did not provide any evidence of "exceptional and unusual hardship" (such as, showing his children had special educational or health concerns) that would prevent his removal to Guatemala. *E.g.*, *Matter of Monreal*, 23 I. & N. Dec. 56, 63–64 (BIA 2001) ("A lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship."). Puac Puac did not establish circumstances that made it reasonably likely that his daughters would suffer hardship substantially different from or beyond that which would normally be expected when a close family member is removed from the United States. *E.g.*, *Parada-Orellana v. Garland*, 21 F.4th 887, 894–95 (5th Cir. 2022). Accordingly, the BIA did not abuse its discretion in concluding Puac Puac failed to make a showing beyond "mere hardship". *See Pena-Lopez*, 33 F.4th at 806.

We decline to address Puac Puac's equitable-tolling contentions because the BIA's determination that he failed to make a *prima facie* showing of eligibility for cancellation of removal provides a sufficient basis to uphold its denial of his motion to reopen. *E.g.*, *Parada-Orellana*, 21 F.4th at 893; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, our court lacks jurisdiction to consider his contention concerning the BIA's decision not to exercise its power to *sua sponte* reopen his proceedings. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911–12 (5th Cir. 2019) (explaining decision to refrain from exercising BIA's authority is committed to agency discretion by law).

DISMISSED in part and DENIED in part.